accounts on the 4th of November, 1895, was a fraud upon the creditors of Goldstein, and the subsequent proceedings in bankruptcy cannot affect the equitable lien acquired by the commencement of this action long before the passage of the bankrupt act. Commissioners v. Earle, 110 U. S. 710, 716, 4 Sup. Ct. 226, 28 L. Ed. 301; Edmeston v. Lyde, 1 Paige, 637, 19 Am. Dec. 454; Bank v. Shuler, 153 N. Y. 163, 47 N. E. 262. The trustee in bankruptcy took only the residuum which the debtor had on the 3d day of June, 1899, this action having been begun long before. The judgment debtor could not, by proceedings in bankruptcy, further his scheme in any manner by destroying the equitable lien obtained by his creditors through the commencement of this action. Judgment is therefore directed that the transfer of accounts be set aside as fraudulent and void; that a receiver be appointed, to whom shall be paid the amount received by Neuberger upon the accounts so transferred, with interest from November 4, 1895; or that, at his election, Neuberger pay over to the plaintiffs the full amount of their claim and interest, with the costs of this action, and that the plaintiffs recover of the defendants such costs.

Judgment accordingly.

---

(35 Misc. Rep. 487.)

### RATZEL v. NEW YORK NEWS PUB. CO. et al.

(Supreme Court, Special Term, New York County. July, 1901.)

LIBEL—ADVERTISING AGENT—CAPACITY—TRADE—LIBEL PER SE—ALLEGATION.
    A complaint alleging that defendant published in regard to plaintiff, an advertising manager, that plaintiff with others had been dispensed with, that the reason for the change was their general careless manner of attending to the business, and that their places would be filled with competent parties, who would attend to the affairs in a more business-like manner, states words tending to injure the plaintiff in his business, and therefore libelous per se.

Action by Louis Ratzel against the New York News Publishing Company and another. Demurrer to the complaint. Demurrer overruled.

W. J. Fanning, for plaintiff.
M. J. Stein, for defendants.

CLARKE, J. This is a demurrer by the defendant the New York News Publishing Company to the complaint in an action for a libel, upon the ground that it does not state facts sufficient to constitute a cause of action. Although the complaint is voluminous, but one cause of action is set forth; all other matters being merely of inducement. It is alleged that plaintiff had for many years been in charge of the advertising department of the defendant company, and was known as its advertising manager, and had for many years been known amongst newspaper fraternities and institutions, firms, and others, and newspapers, agents, and advertising concerns in the city of New York and elsewhere, as a capable, competent, and careful advertising manager, and skilled in the business of ad-

vertising; that he was discharged without cause or provocation, and that thereafter the defendants composed, wrote, published, and circulated throughout the advertising community, and more especially to a number of specified persons engaged in the trade, calling, and profession of advertising, the letter, publication, composition, and document set forth, containing the following clause:

"We wish to notify you that there has been a number of changes in the business staff of the Daily News. Mr. Louis Ratzel, chief clerk, * * * and others have been dispensed with. The reason of the change was a general careless manner of attending to our business. Their places will be filled with competent parties, who will attend to our affairs in a more businesslike manner."

And the complaint further alleges:

"Thereby meaning, intimating, and insinuating, and causing the aforesaid persons and people generally to believe amongst the trade, calling, and profession of advertising, that the plaintiff herein was unfitted, unskilled, and incompetent in his trade or calling and in his business, and that the plaintiff was a careless person, unfitted, unskilled, and incompetent to transact any and all business appertaining to and relating to the trade or calling of advertising," etc.

The complaint further alleges that:

"Each and every of the aforesaid letters, documents, printings, publications, and circulations * * * wherein the plaintiff was by intimation or innuendo, or otherwise, accused or charged of being incompetent, unskillful, unfit, incapable, careless, dishonest, or untrustworthy in the pursuit of his business, trade, calling, or occupation, or in his character, are, and each of them is, wickedly and maliciously false and untrue."

From the allegations above set forth, it is quite clear that the complaint sets forth as a cause of action words published in relation to the business, trade, or profession of the plaintiff, and that such words in such connection are libelous per se. To assert falsely of a clerk or other employé that he has been discharged because he was generally careless in the transaction of the employer's business, and that he was incompetent, could not fail to injure him in his search for a new position, and even prevent his obtaining one. It is too well settled to need citation that words spoken in relation to a man's trade or business may be libelous per se, even though such words, if spoken or written of an ordinary person, might not. The law allows this form of action not only to protect a man's character as such, but to protect him in his occupation also against injurious imputations. It recognizes the right of a man to live, and the necessity of labor, and will not permit one to assail by words the pecuniary credit of another, except at the peril, in case they are untrue, of answering in damages. The principle is clearly stated by Bayley, J., in Whittaker v. Bradley, 7 Dowl. & R. 649: "Whatever words have a tendency to hurt, or are calculated to prejudice, a man who seeks his livelihood by any trade or business are actionable." When proved to have been spoken in relation thereto, the action is supported, and unless the defendant shows a lawful excuse, the plaintiff is entitled to recover, without allegation or proof of special damages, because both the falsity of the words and resulting damage are presumed. Moore v. Francis, 121 N. Y. 199, 23

N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810. Demurrer over-
ruled, with costs, with leave to answer upon payment thereof. De-
murrer overruled, with costs, with leave to answer.